65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James D. HARPER, Jr., Defendant-Appellant.
 No. 94-10079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James D. Harper, Jr., a federal prisoner, appeals pro se the district court's denial of two post-conviction motions. Harper pleaded guilty to conspiring to deliver national defense information to a foreign government in violation of 18 U.S.C. Sec. 794. He was sentenced on May 14, 1984 to life imprisonment. He contends the district court erred when it denied his two post-conviction motions. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 On October 7, 1993, Harper filed two motions: (1) to compel specific performance of his plea agreement; and (2) for relief from judgment. On February 1, 1994, the district court denied both motions on their merits. We construe both motions as 28 U.S.C. Sec. 2255 motions. See United States v. Andrade-Larrios, 39 F.3d 986, 988 (9th Cir.1994); see also 28 U.S.C. Sec. 2255.
 
 
 4
 In his motion to compel specific performance, Harper contends the government breached the plea agreement by failing to: (1) set forth the full extent of his cooperation; (2) request that the Parole Commission give him consideration or credit for his cooperation; and (3) provide a factually accurate assessment of damage in the post-sentence investigation report. Because the first two contentions were previously raised and rejected, we decline to address them. See United States v. Harper, No. 89-0202 (N.D.Cal. Oct. 27, 1989); see also Campbell v. Blodgett, 997 F.2d 512, 515-16 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994). Harper bases his third contention on an assessment of damage by the Department of Defense not received by him until 1992. Essentially Harper argues that the Department of Defense document demonstrates that the damage assessment in the post-sentence report, based on the testimony of a government witness, was inaccurate and therefore a breach of the government's obligations under the plea agreement. Harper has not shown any breach of the plea agreement.
 
 
 5
 In his motion for relief from judgment, Harper contends that relief is required because the district court: (1) sentenced him for treason rather than espionage; (2) relied on a false and unreliable assessment of damage at the time of sentencing; (3) violated due process by recommending that he never be paroled; and (4) violated paragraphs five and ten of the plea agreement by recommending that he never be paroled. We reject the first three contentions on their merits. Harper was not sentenced for treason. The district has ruled, and we agree, that any variation between the damage assessment by the Department of Defense and that of the post-sentence report would not support a different sentence. Cf. Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (section 2255 movant must affirmatively show that the district court based its sentence on false and unreliable information). We previously held that it was within the discretion of the district court to recommend that Harper not be paroled. See Harper v. United States, No. 89-16691 (9th Cir. Oct. 2, 1991). Consequently, the district court's "no parole" recommendation did not violate due process. We previously rejected Harper's contention that the district court's "no parole" recommendation violated the plea agreement. See id. (the district court is not bound by the plea agreement). We decline to reconsider that contention here. See Campbell, 997 F.2d at 515-16.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3