70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Munoz ROMAN, Defendant-Appellant.
 No. 95-30013.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Munoz Roman appeals his conviction following a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Roman contends that the district court erred by failing to fully comply with the requirements of Fed.R.Crim.P. 11 following the rejection of his plea agreement. Roman also contends that the district court coerced him into renewing his guilty plea. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Roman contends that the district court was required to repeat the Rule 11 advisements before Roman decided whether to withdraw his guilty plea. This contention lacks merit.
 
 
 4
 We review de novo the district court's compliance with Fed.R.Crim.P. 11. United States v. Graibe, 946 F.2d 1428, 1431 (9th Cir.1991). We review de novo the voluntariness of a guilty plea. United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993). "The court shall not accept a plea of guilty ... without first ... determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." Fed.R.Crim.P. 11(d).
 
 
 5
 Here, Roman and the government agreed to a Rule 11(e)(1)(C) type plea agreement which provided that Roman would either receive a sentence in the range of 57 to 78 months, or he could withdraw his guilty plea. At the Rule 11 hearing, the district court informed Roman of his constitutional rights, and fully complied with the requirements of Rule 11 in determining that Roman's guilty plea was knowing and voluntary. See Fed.R.Crim.P. 11(d). The district court reserved approval of the plea agreement until after it had an opportunity to consider the presentence investigation report. See Fed.R.Crim.P. 11(e)(2).[1] Thus, Roman knowingly and voluntarily entered a plea of guilty at the Rule 11 hearing. See Anderson, 993 F.2d at 1437.
 
 
 6
 At the sentencing hearing, the district court determined that Roman's sentence would exceed the 78-month sentence specified in the plea agreement and rejected the plea agreement. See Fed.R.Crim.P. 11(e)(4). The district court then afforded Roman the opportunity to withdraw his guilty plea. See id.
 
 
 7
 The district court was not required to readvise Roman of his rights pursuant to Rule 11 after rejecting the plea agreement. See Fed.R.Crim.P. 11(e)(4). Rule 11(e)(4) only requires that Roman be informed of the court's rejection of the plea agreement, afforded an opportunity to withdraw his guilty plea, and advised that if he persists in pleading, the disposition of the case may be less favorable than that which was contemplated by the plea agreement. See id. Roman was fully advised of his rights under Rule 11(e)(4). The district court properly rejected the plea agreement and accepted Roman's plea to the less favorable disposition of the case. See Graibe, 946 F.2d at 1431. Accordingly, the district court fully complied with Rule 11. See Fed.R.Crim.P. 11(e)(4).
 
 
 8
 Roman also contends that the district court engaged in improper plea negotiations by coercing him into renewing his guilty plea. Whether the district court engaged in plea negotiations is a legal question reviewed de novo. United States v. Bruce, 976 F.2d 552, 555 (9th Cir.1992). "Rule 11(e)(1) allows the parties in a criminal action to 'engage in discussions with a view toward reaching [a plea] agreement.' " United States v. Andrade-Larrios, 39 F.3d 986, 988 (9th Cir.1994) (quoting Fed.R.Crim.P. 11(e)(1)). "The court 'shall not participate in any such discussions.' " Id.
 
 
 9
 The district court did not coerce Roman into renewing his guilty plea. The record indicates that Roman was advised of his right to withdraw his guilty plea and was then afforded an opportunity to consult with his attorney concerning this decision. The court asked Roman if he would need additional time to make his decision, and after conferring with his attorney, Roman decided not to withdraw his guilty plea and accepted the less favorable sentence. Thus, the district court did not coerce Roman into renewing his guilty plea. See Bruce, 976 F.2d at 556-57; Fed.R.Crim.P. 11(e)(1).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "If the plea agreement is of the type specified in subdivision (e)(1)(A) or (C), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report." Fed.R.Crim.P. 11(e)(2)