91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philip C. MANNING, Defendant-Appellant.
 No. 95-16902.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Philip Manning pleaded guilty to charges of conspiracy to possess and distribute marijuana and possession with the intent to distribute marijuana. He appeals the district court's denial of his petition for writ of habeas corpus, 28 U.S.C. § 2255. We affirm.
 
 
 3
 We reject Manning's contention that he was denied effective assistance of counsel. His attorney's waiver of the preliminary hearing in exchange for "full and complete open file discovery" was a reasonable tactical decision. Strickland v. Washington, 466 U.S. 668, 689-91 (1984). Additionally, Manning has not demonstrated prejudice from his counsels' other alleged errors. See United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990) (petitioner must demonstrate that but for counsel's errors, he would have insisted on going to trial). Finally, Manning's conclusory allegation that he was pressured into pleading guilty is flatly contradicted by his admissions in open court.
 
 
 4
 We also reject Manning's contention that his guilty plea was defective. The district court adequately complied with Federal Rule of Criminal Procedure 11 in taking Manning's plea. The record demonstrates that Manning voluntarily entered the plea, that he understood the nature of the charges against him, and that there was an adequate factual basis for his plea. In addition, the district court did not impermissibly participate in the plea negotiations by pressuring Manning to plead guilty. Rather, the court's discussion with Manning was to ensure that there was a proper factual basis for the plea as required by Rule 11(f). See United States v. Andrade-Larrios, 39 F.3d 986, 989 (9th Cir.1994).
 
 
 5
 The government did not withhold Brady material. Even assuming as Manning contends that the government withheld certain investigative reports, Manning has not demonstrated the materiality of those reports. He has not produced any evidence creating a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Marashi, 913 F.2d 724, 732 (9th Cir.1990) (quotation omitted).
 
 
 6
 Manning's remaining contentions also lack merit. The record demonstrates that Manning waived his right to direct appeal in the plea agreement and in open court. The government's pre-conviction civil forfeiture proceeding did not implicate the Double Jeopardy Clause. See United States v. Ursery, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996). Finally, the district court did not abuse its discretion by denying Manning an evidentiary hearing. See United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (hearing not required when motions, files and records conclusively demonstrate that the petitioner is not entitled to relief).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3