**UNITED STATES of America, Plaintiff—Appellee,**

v.

**David I. MYERS, Defendant— Appellant**

No. 01–10073.
D.C. No. CR–99–00495–HG.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 2001.*

Decided Nov. 20, 2001.

Before THOMPSON, O'SCANNLAIN and BERZON, Circuit Judges.

MEMORANDUM **

David Myers ("Myers") appeals the district court's denial of his motion to with-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

draw his guilty plea under Fed.R.Crim.P. 32(e) and asserts that the district court improperly participated in plea agreement negotiations in violation of Fed.R.Crim.P. 11(e)(1). We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

■ 1. The district court did not abuse its discretion in denying Myers's motion to withdraw his guilty plea, *see United States v. Rios–Ortiz*, 830 F.2d 1067, 1069 (9th Cir.1987), or err in determining that Myers voluntarily entered that plea, *see United States v. Anderson*, 993 F.2d 1435, 1437 (9th Cir.1993).

The district court provided during the Rule 11 colloquy the careful scrutiny necessary to ensure that Myers knowingly and voluntarily entered his guilty plea. *See United States v. Frank*, 36 F.3d 898, 903–04 (9th Cir.1994). Myers has not shown that the government coerced him into pleading guilty. Although the government informed him that it would be obliged to investigate and/or prosecute his wife if she testified that the firearms were in her possession as she had a prior domestic violence conviction, "[t]his case does not involve an allegation that the government threatened to prosecute a third person *whom it had no cause to believe was guilty of a crime.*" *United States v. Castello*, 724 F.2d 813, 815 (9th Cir.1984) (emphasis added). Rather, the government simply warned Myers of likely, permissible consequences of his course of action; providing such a realistic prediction is not coercion.

Nor has Myers credibly asserted his legal innocence. Instead, he has offered only an unsupported assertion of innocence after having admitted his guilt under oath and in the face of the strong evidence against him. *See id.*

■ 2. The district court did not participate in the plea negotiation process. The court merely requested that the parties state the oral agreement on the record and attempted to clarify for the record the terms of the agreement. *See Frank*, 36 F.3d at 903; *cf. United States v. Andrade–Larrios*, 39 F.3d 986, 990 (9th Cir. 1994) ("The deal had been made, and the judge was trying to find out what it was. It took more questions than usual, because the plea agreement had not yet been put in writing."). Thus, Rule 11(e)(1) does not provide Myers with a basis for withdrawing his guilty plea.

The decision of the district court is AFFIRMED.