**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Patricio PAREDES, Defendant—**
**Appellant.**

**No. 99–30253.**
**D.C. No. CR–98–00084–JMF.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 9, 2002.

Before B. FLETCHER, ALARCON, and GRABER, Circuit Judges.

MEMORANDUM *

Defendant Patricio Paredes pleaded guilty to two counts of distributing a controlled substance and one count of possession with intent to distribute a controlled substance. He changed his plea to guilty after the district court determined that Defendant was competent, based on a re-port prepared by a psychologist from the Bureau of Prisons. Defendant challenges the district court's competency decision, arguing that the court first should have provided funds for Defendant to hire his own expert. Defendant also challenges the adequacy of the plea colloquy.

■ Reviewing for abuse of discretion, we conclude that the district court did not err in denying funds for an additional psychiatric examination. *See United States v. George,* 85 F.3d 1433, 1437 (9th Cir.1996) (stating standard). The court had discretion whether to order the initial psychiatric evaluation, 18 U.S.C. § 4241, and acted within its discretion in relying on that thorough evaluation for purposes of determining Defendant's competency. Moreover, Defendant has not demonstrated by clear and convincing evidence that the district court's failure to appoint an expert prejudiced him. *See United States v. Sims,* 617 F.2d 1371, 1375 (9th Cir.1980) (stating standard); 18 U.S.C. § 3006A(e)(1).

■ Next, reviewing for clear error, *United States v. Timbana,* 222 F.3d 688, 700 (9th Cir.), *cert. denied,* 531 U.S. 1028, 121 S.Ct. 604, 148 L.Ed.2d 516 (2000), we hold that the district court's competency determination was not erroneous. Mental health professionals observed Defendant for a month. Based on a detailed report provided after that observation period, the district court found that Defendant had the ability to consult with his lawyer, to understand the proceedings against him, and to make a reasoned choice between alternatives. The record does not show that the report was clearly wrong or that the district court clearly erred by relying on it.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Finally, Defendant argues that his plea was not knowing and voluntary because the plea colloquy was inadequate in three respects. First, he alleges that the district court "over participated" in Defendant's plea. Whereas it may be improper under Federal Rule of Criminal Procedure 11(e) for a district court to participate excessively in a plea negotiation, Rule 11(c), (d), and (f) *require* that the district court participate in the plea colloquy. *See United States v. Andrade–Larrios,* 39 F.3d 986, 989–91 (9th Cir.1994) (explaining distinction). Here, there was no plea agreement with which the court could have interfered improperly.

Second, Defendant argues that his plea was unknowing and involuntary because he could not make up his mind and was confused at the change of plea hearing. The district court held a lengthy hearing to confirm that Defendant understood his right to stand on his not-guilty plea and that there was a factual basis for the guilty plea. The record supports the court's findings in this regard.

■ Third, Defendant challenges the adequacy of the plea colloquy by pointing to the requirement that the government prove drug quantity when the maximum potential penalty is increased based on that factor. In *United States v. Minore,* 292 F.3d 1109, 1117 (9th Cir.2002), we held that, in a case in which a drug's quantity exposes the defendant to a higher statutory maximum, Rule 11(c)(1) requires that the district court inform a defendant that the government must prove that drug quantity beyond a reasonable doubt. Defendant's case fits within that rule because the quantity of drugs (more than 50 grams of cocaine) exposed him to a higher statutory maximum, 21 U.S.C. § 841(b), but the district court did not advise him that the

government would have to prove drug quantity beyond a reasonable doubt.

As in *Minore,* the error here is plain because it is plain at the time of appeal. *Minore,* 292 F.3d at 1118. However, as in *Minore,* we decline to exercise our discretion to correct the error. *Id.* at 1120. The government presented overwhelming evidence that Defendant trafficked in amounts of cocaine that subjected him to a maximum sentence of life in prison. Defendant admitted to responsibility for more than 111 grams of cocaine, more than twice the amount required to subject him to a maximum sentence of life in prison. Thus, as in *Minore,* it is not unfair to hold Defendant to his guilty plea.

AFFIRMED.