UNITED STATES of America,
Plaintiff—Appellee,

v.

Lanadine Jamie BROWNFEATHER, aka Lenadine Brownfeather, Lana Brownfeather, Defendant—Appellant.

No. 05–10539.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 16, 2006.

Filed Aug. 25, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). The request for oral argument is denied.

Vincent Q. Kirby, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

David Taylor Shannon, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

### MEMORANDUM *

Lanadine J. Brownfeather ("Brownfeather") appeals her conviction by plea agreement for assault resulting in serious bodily injury. Although Brownfeather waived her right to appeal in the plea agreement, she alleges that her guilty plea was not taken in compliance with Rule 11.

See *United States v. Jeronimo*, 398 F.3d 1149, 1153 n. 2 (9th Cir.2005); Fed. R.Crim.P. 11.

However, the magistrate judge did not violate Rule 11(c)(1)'s prohibition against judicial participation in plea discussions. By ascertaining the factual basis for the plea and ensuring Brownfeather understood the terms of the agreement, he was fulfilling other Rule 11 obligations. *See United States v. Andrade–Larrios*, 39 F.3d 986, 990 (9th Cir.1994). In addition, the court may consider all evidence before it in establishing a factual basis for the plea, including evidence from sources other than the defendant. *See United States v. Lomow*, 266 F.3d 1013, 1017–18 (9th Cir. 2001).

The additional comments to which Brownfeather objects are best characterized as advice regarding how Brownfeather should conduct herself in front of the sentencing judge; although these comments were arguably extraneous, they do not constitute improper participation in the plea process in violation of Rule 11(c)(1), and certainly do not rise to the level of plain or obvious error. *See United States v. Frank*, 36 F.3d 898, 903 (9th Cir.1994) (Rule 11 does not "establish a series of traps for imperfectly articulated oral remarks").

Brownfeather's change of plea was taken in conformity with Rule 11, and her waiver of the right to appeal was knowing and voluntary. Because the waiver is valid and enforceable, we lack jurisdiction over her appeal. *See Jeronimo*, 398 F.3d at 1157.

DISMISSED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.