**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50137 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00511-PA-1 |
| v. | |
| PAVEL IGOREVICH VALKOVICH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 11, 2011[**]
Pasadena, California

Before: GOODWIN, D.W. NELSON, and N.R. SMITH, Circuit Judges.

Pavel Igorevich Valkovich appeals his conviction after a guilty plea and

sentencing for solicitation of a crime of violence in violation of 18 U.S.C. § 373.

He claims that (1) the district court improperly influenced him to plead guilty;

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(2) failed to consider defendant-specific facts in imposing the sentence; and his sentence is (3) procedurally and (4) substantively unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. *The District Court's Participation in the Plea Process*

The district court did not commit plain error when it stated during a pretrial conference that "this case should be resolved short of trial" or when it responded to defense counsel's request to "extrapolate on" this statement by stating "the defendant needs treatment" and "I'm just not sure that having a trial is ultimately in everybody's best interest in this case." *See United States v. Vonn*, 535 U.S. 55, 59 (2002). While a district court "must not participate in [plea discussions]," Fed. R. Crim. P. 11(c)(1), Rule 11 is not intended to "establish a series of traps for imperfectly articulated oral remarks," *United States v. Frank*, 36 F.3d 898, 903 (9th Cir. 1994). Instead, the court's inquiry should be whether "the judge pressures the defendant into taking the deal." *United States v. Andrade-Larrios*, 39 F.3d 986, 989 (9th Cir. 1994).

The transcript shows that the district court's statements did not target Valkovich in an attempt to coerce him into taking a plea agreement. Thus, the district court did not commit plain error under Rule 11.

2. *Competency Hearing*

The transcript of the pretrial status conference and change of plea hearing demonstrate that a reasonable judge would not "be expected to experience a genuine doubt" about Valkovich's competence and order a competency hearing sua sponte. *United States v. Lewis*, 991 F.2d 524, 527 (9th Cir. 1993) (internal quotation marks and citation omitted).

The district court inquired about Valkovich's mental illness, medications, and drug use issues. Valkovich was not on a suicide watch and had been cleared by a doctor to appear in court. In addition, Valkovich's attorney confirmed that Valkovich was competent to plead guilty at the change of plea hearing. The change of plea hearing transcript showed that Valkovich had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and [] he ha[d] a rational as well as factual understanding of the proceedings against him." *Drope v. Missouri*, 420 U.S. 162, 172 (1975).

3.      *Procedural Reasonableness*

The district court did not commit plain error in considering Valkovich's doctor's affidavits rather than hearing testimony because crediting the affidavits was within the district court's discretion. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001) ("Where, as here, the district court allows the defendant to rebut the recommendations and allegations of the presentence report either orally

3

or through the submission of written affidavits or briefs, Rule 32 does not require an evidentiary hearing.").

### 4. *Substantive Reasonableness*

The district court did not abuse its discretion when it sentenced Valkovich to 180 months for the solicitation charge. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009). The district court considered "defendant-specific facts" when it discussed Valkovich's mental health issues and issued a below guideline and below maximum sentence in consideration of those factors. *Id.* at 1057. In addition, a review of the transcript does not leave us with a "firm conviction" that Valkovich's sentence is a "clear error of judgment." *Id.* at 1055. Valkovich created a plan to kill another human being. He gave specific instructions that required coordinating other people to carry out the murder.

AFFIRMED.