56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth R. BRUCE, Defendant-Appellant.
 No. 94-50089.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1995.
Decided May 24, 1995.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-89-00115-05-IE; Irma E. Gonzalez, District Judge, Presiding.
 S.D.Cal. [Appeal After Remand From 976 F.2d 552].
 CONVICTION REVERSED AND CASE REMANDED.
 
 
 1
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and SHADUR,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Under the Speedy Trial Act, a defendant who has successfully appealed his conviction must be retried within seventy days of "the date the action occasioning the retrial becomes final." 18 U.S.C. Sec. 3161(e). The action occasioning retrial here was the issuance of the mandate in United States v. Bruce, 976 F.2d 552 (9th Cir. 1992) (Bruce I). See United States v. Crooks, 826 F.2d 4, 5 (9th Cir. 1987). Though it's not clear from the record when the mandate actually issued, the Speedy Trial clock started running no later than November 4, 1992, the date the mandate was received by the district court. Because Bruce's retrial did not begin within seventy days of this date, Bruce's conviction must be reversed.
 
 
 4
 The government claims that any violation of the Speedy Trial Act should be excused because there was confusion about whether Bruce I vacated Bruce's guilty plea as well as his conviction. If Bruce's guilty plea remained in place, the government asserts, the "action occasioning the retrial" would have been Bruce's withdrawal of his guilty plea, which didn't occur until much later. We have made clear, however, that "the courts and the government, not the defendant, assume primary responsibility for ensuring that criminal trials proceed expeditiously." United States v. Karsseboom, 881 F.2d 604, 607 (9th Cir. 1989) (internal quotations omitted). Thus, any confusion surrounding the effect of our decision in Bruce I cannot excuse the failure to begin Bruce's retrial within seventy days of the date the mandate issued.
 
 
 5
 Defendant's conviction is REVERSED, and the case is REMANDED for dismissal of the indictment. The district court, pursuant to 18 U.S.C. Sec. 3162(a)(2), shall determine whether such dismissal will be with or without prejudice.
 
 
 
 *
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3