86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bogich JOVOVICH, Defendant-Appellant.
 No. 94-50547.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided May 20, 1996.
 
 Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.
 MEMORANDUM*
 Nowhere in the lengthy and detailed colloquy with Jovovich at the hearing on his motion to change his plea did the court explain to Jovovich the nature of the charges against him and determine that he understood those charges, as required by Fed.R.Crim.P. 11. Accordingly, the plea must be vacated and the cause remanded to permit Jovovich to plead anew. United States v. Smith, 60 F.3d 595, 597 (9th Cir.1995).
 The Government's arguments to the contrary are without merit. (1) The fact that Jovovich was well educated and represented by counsel did not excuse failure to comply with Rule 11. See United States v. Kamer, 781 F.2d 1380, 1384 (9th Cir.1986) (district court erred by failing to explain the nature of charges in complex case despite the fact defendant exhibited above-average intelligence). (2) It is true that the district court asked Jovovich if he had "gone over" the counts with his attorney, and Jovovich replied that he had; but neither Jovovich nor his counsel identified on the record the crimes charged or the nature of those crimes. See Smith, 60 F.3d at 598 (assuming judge may delegate responsibility to explain the charges to defense counsel, counsel must explain the charges in open court so the record will be clear). (3) The fact that Jovovich pled guilty earlier to essentially the same charges is not determinative. Our review is limited to the transcript of the plea proceeding at issue, and the district court cannot assume the defendant already knows and understands the charges. Kamer, 781 F.2d at 1383-85 ("The dictates of Rule 11 and the federal policy of fair and efficient judicial administration require that the reviewing court look solely to the record of the plea proceeding."); United States v. Bruce, 976 F.2d 552, 559 (9th Cir.1992). In any event, the court failed to explain the nature of the charges or establish Jovovich's understanding during the first change of plea proceeding. (4) The fact that the indictment was read to Jovovich and the judge explained the case to the jury the day before the plea proceeding was irrelevant for the same reason. Moreover, although reading the indictment might inform the defendant of the nature of the charges in "exceedingly simple and easily-understood cases," Bruce, 976 F.2d at 560, that description does not apply to the charges of mail and wire fraud, theft of government property, conspiracy to defraud the government, money laundering, and racketeering, alleged in the indictment to which Jovovich pled guilty. In any event, reading the indictment does nothing to establish on the record that the defendant understood the nature of the charges. Id. (5) The court may consider prejudice to the Government when exercising its discretion to vacate a plea, Fed.R.Crim.P. 32(e) (district court may grant a motion to withdraw a guilty plea for "a fair and just reason"), but none of the cases cited by the Government support the argument that failure to comply with the mandatory requirements of Rule 11 must be balanced against the prejudice the Government may face in retrying the defendant. (6) The extended discussion of the factual basis of the charges during the plea colloquy did not satisfy the separate requirement that the judge inform the defendant of the nature of those charges. Smith, 60 F.3d at 597-98. (7) The harmless error provision of Rule 11(h) is applicable only to violations that are "minor or technical," United States v. Gastelum, 16 F.3d 996, 999 (9th Cir.1994); see also United States v. Graibe, 946 F.2d 1428, 1433 (9th Cir.1991), and therefore does not apply to a complete failure to comply with the requirement that the court address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the nature of the charges to which the plea is offered. Not only did Jovovich plead guilty to conspiracy to defraud the government without any explanation of that offense, see Bruce, 976 F.2d at 560 ("A trial judge fails to satisfy his obligation under Rule 11 when ... he does not fully inform the defendant of the meaning and application 'of legal argot and other legal concepts that are esoteric to an accused,' including the meaning and application of the term 'conspiracy.' ") (citation omitted), he also pled guilty to five other complicated charges, each of which included a specific intent element, with no explanation of the intent required and in the face of a record indicating substantial confusion as to Jovovich's state of mind. See Kamer, 781 F.2d at 1384.
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3