129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Joseph PIAR, Defendant-Appellant.
 No. 96-16697.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1997.
Decided Oct. 23, 1997.
 
 Appeal from the United States District Court for the District of Arizona. Alfredo C. Marquez, District Judge, Presiding
 Before: SNEED, SCHROEDER, and BRUNETTI, Circuit Judges
 MEMORANDUM*
 James Joseph Piar was charged with continuing criminal enterprise and various drug and weapon violations.[1] He pled guilty to all charges and was sentenced to 15 years in prison.
 On appeal, Piar argues that the district court violated Federal Rule of Criminal Procedure 11(c)(1) by failing to advise him of the nature of the charges against him.[2] We agree that the district: court's plea colloquy was insufficient and remand to allow him to plead anew.
 A. Rule 11(c)(1) Violation
 Rule 11(c)(1) provides that, prior to accepting a plea of guilty, "the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered...." Fed.R.Crim.P. 11(c)(1). "The trial judge is required to engage in a colloquy with the defendant and elicit responses from him which demonstrate, on the record, that the accused does so understand." United States v. Bruce, 976 F.2d 552, 55( (9th Cir.1992) (quoting United States v. Kamer, 781 F.2d 1380, 1385 (9th Cir.1986). "[I]n judging compliance with Rule 11, [a court] is confined to the record of the plea proceeding." Kamer, 781 F.2d at 1383.
 The record here shows that the district court explained the general trial process and the rights that Piar was waiving by pleading guilty. The court also explained the sentence for the various charges and the penalty for violating the conditions of release. In addition, the court directed the attorneys to "spell out the factual basis for the record," and Piar conceded to their description.
 However, the record reveals virtually no explanation of the nature of the charges. The district court's closest effort occurred after the attorneys agreed to amend Count 8 of the indictment:
 THE COURT: Mr. Piar, do you understand what this discussion is about?
 DEFENDANT PIAR: Yes, sir.
 THE COURT: And you are agreeable to that amendment?
 DEFENDANT PIAR: Yes, Your Honor.
 THE COURT: I have in front of me this plea agreement. Have you gone over it with your attorney?
 DEFENDANT PIAR: Yes, Your Honor.
 THE COURT: Has he answered all of your questions?
 DEFENDANT PIAR: Yes.
 THE COURT: Mr. Keller, [Piar's attorney,] are you satisfied that he understands all of the terms of the plea agreement?
 MR. KELLER: Yes, Your Honor.
 Neither this dialogue nor any other at the plea hearing demonstrates that the court informed Piar of, or determined that he understood, the nature of the charges.
 The colloquy failed to comply with Rule 11(c)(1) because the district court did not explain the nature of the charges, as opposed to the factual basis for the charges or the formal legal description of the charges. Longoria, 113 F.3d at 977. Although Piar was informed of the factual basis for the charges, "[a]n admission of the facts does not speak to the nature of the charge." Id. (quoting United States v. Smith, 60 F.3d 595, 598 (9th Cir.1995). The district court did not explain the legal elements of the charges, and did not explain how the facts applied to those elements. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Longoria, 113 F.3d at 977 (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969)). This does not require a precise matching by the district judge of specific facts to each element of the charged crimes. However, it does require that he identify in a comprehensible manner the facts that constitute the various crimes to which the defendant is pleading. Only then can it be said that the defendant understands the nature of his plea of guilty. It follows that the mere expression by Piar's counsel that the defendant understood the terms of the plea agreement is not sufficient. See Smith, 60 F.3d at 598 (stating that "a general assurance of counsel" clearly cannot suffice under Rule 11).
 Finally, a failure to satisfy Rule 11(c)(1) in this fashion is not harmless error. See Longoria, 113 F.3d at 977. "In the absence of ... an explanation [of the nature and elements of the crime], the district court did not meet its obligation under Rule 11(c)(1) of informing the defendant and determining that he understands the charge to which the plea is offered." Id. (quoting Bruce, 976 F.2d at 560) (emphasis in original). As a result, Piar's guilty plea cannot stand. Bruce, 976 F.2d at 560.
 B. Piar's Claims Regarding the Indictment
 Piar makes two arguments in an effort to invalidate the indictment. First, he claims that the district court erred by amending Count 8 of the indictment without resubmitting it to a grand jury. We find that Piar has waived this argument because he failed to object to the amendment. Fed.R.Crim.P. 12(b)(2). Piar actually proposed the amendment. Second, he claims that the indictment should be dismissed because the government's counsel committed misconduct in front of the grand jury by presenting perjured testimony. Upon a review of the record, we find that this argument lacks merit and reject it.
 C. Conclusion
 Piar's plea was taken in violation of Fed.R.Crim.P. 11 and we VACATE the conviction and REMAND. Piar's suggestion to remand this case to a "new" judge has no merit and is rejected.
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Specifically, Piar was charged with the following: continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count 1), conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 (Count 2), conspiracy to import marijuana in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) (Count 3), possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 4), conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count 5), distributing cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 6), possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 7), and using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 8)
 
 
 [2]
 Piar also claims that (1) the district court violated Fed.R.Crim.P. 11 by establishing a date after which it would not accept a plea to less than all counts in the indictment, (2) the district court violated Fed.R.Crim.P. 11 by failing to develop a factual basis for Count 1, (3) his counsel acted ineffectively by allowing him to plead guilty to both conspiracy and continuing criminal enterprise charges, (4) his plea was involuntary because he was induced by false promises from his attorney, (5) the district court erred by denying his ineffective assistance of counsel claim without an evidentiary hearing, and (6) his conviction for Count 8 should be reversed based on a subsequent U.S. Supreme Court case. Because we find that Piar is entitled to plead anew, we need not reach these issues. See U.S. v. Longoria, 113 F.3d 975, 976 n. 1 (9th Cir.1997)