UNITED STATES of America, Plaintiff—Appellee,

v.

Ronald Merle GOMES, Defendant— Appellant.

No. 04–10353.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2005.*

Decided June 6, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edric Ching, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff-Appellee.

Elizabeth A. Fisher, Esq., Arthur E. Ross, Esq., Honolulu, HI, for Defendant-Appellant.

Before: KOZINSKI, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

1. Gomes argues that his plea was rendered involuntary because the district court participated in plea negotiations, in violation of Fed.R.Crim.P. 11. *See United States v. Bruce,* 976 F.2d 552, 557–58 (9th Cir.1992). In fact, the district court was not involved at all until Gomes's change of plea hearing, by which time the agreement had already been negotiated.

2. Gomes also argues that the prosecutor breached the plea agreement by arguing for a sentence that, Gomes claims, was at odds with stipulations in the agreement. The prosecutor stipulated to a particular offense level and criminal history, as well as to a particular sentence—ten years. The prosecutor's statements to the district court were consistent with these stipulations, as was the sentence the district court imposed. Gomes, therefore, can show neither error nor prejudice. Nor is there any merit to Gomes's argument

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

434

that the prosecutor misrepresented his criminal history to the court.

■ 3. Gomes tries to argue that the district court improperly applied the Sentencing Guidelines in calculating his sentence, but we lack jurisdiction to consider this claim. *See United States v. Anglin*, 215 F.3d 1064, 1065–68 (9th Cir.2000); *United States v. Vences*, 169 F.3d 611, 613 (9th Cir.1999). In his plea agreement, Gomes "waive[d] the right to appeal ... any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined," subject to an exception for upward departures. This appeal waiver was knowing and voluntary. The district judge imposed a ten-year sentence, which is within the maximum provided in the statute of conviction, 18 U.S.C. §§ 922(g)(1), 924(a)(2), and did not depart upward from the guideline range he calculated.

■ 4. Finally, Gomes argues that his counsel was ineffective in explaining to him the consequences of the plea agreement, and in failing to urge the district court to impose a sentence of less than ten years. We decline to reach these ineffectiveness challenges on direct appeal because Gomes in his plea agreement knowingly and voluntarily waived his right to appeal "any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined," subject to an exception for upward departures not applicable here.

AFFIRMED IN PART; DISMISSED IN PART.