UNITED STATES of America,
Plaintiff–Appellee,

v.

Lawrence HUGHES, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Horace Green, Defendant–Appellant.

Nos. 05–50884, 05–50951.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2007.*

Filed Feb. 27, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rosalind Wang, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Myra Mossman, Santa Barbara, CA, for Defendant–Appellant.

Before: CANBY, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Lawrence Hughes seeks to withdraw his guilty plea and appeals his sentence. Horace Green also appeals his sentence. We affirm the district court's acceptance of Hughes' guilty plea. We vacate the sentences of both Hughes and Green and remand for re-sentencing to allow the district court to apply the proper standard for the physical restraint enhancement. Because the parties are familiar with the history of this case, we will not recount it here.

### I

The district court did not plainly err under Federal Rule of Criminal Procedure 11 by failing to give one of the warnings required by the rule and by failing to determine whether there was a factual basis for his guilty plea. *See United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir. 2002) (describing standard of review when a defendant does not object before the district court).

■ To satisfy her obligation under Rule 11(b)(1)(G), the district court judge

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

must inform the defendant of the *nature* of the charges. *United States v. Pena*, 314 F.3d 1152, 1156 (9th Cir.2003) (citing *United States v. Bruce*, 976 F.2d 552, 559 (9th Cir.1992), *rev'd on other grounds by United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002)). That is, the judge must "fully inform the defendant of the meaning and application 'of legal argot and other legal concepts that are esoteric to an accused,' including the meaning and application of the term 'conspiracy.'" *Bruce*, 976 F.2d at 560 (quoting *United States v. Coronado*, 554 F.2d 166, 172 (5th Cir.1977)). Here, the district judge erred because she, rather than the prosecutor or the clerk, should have informed Hughes in open court of the elements and nature of the two charges. *See id.* ("[T]he clerk, obviously, is not a judge, and hence his comments cannot satisfy Rule 11."); Fed. R.Crim.P. 11(b)(1) (*"the court* must inform the defendant ...") (emphasis added). Moreover, the judge should have informed Hughes of, and determined that he understood, the complicated legal concepts at issue in the two counts to which he pled guilty, such as the conspiracy charge. *Bruce*, 976 F.2d at 560. This error did not affect Hughes' substantial rights, however, because he has not demonstrated a reasonable probability that, but for the error, he would not have pled guilty. *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

■ The district court did not err under Rule 11(b)(3) because the district court asked Hughes' attorney whether there was a factual basis for the plea, *see* Fed. R.Crim.P. 11(b)(3) advisory committee notes (1974 amendment discussing Rule 11(f)), and both Hughes and his attorney agreed that Hughes was a member of the conspiracy and that it was reasonably foreseeable a gun would be used. In addition, the record itself at the time of judgment could have provided sufficient evidence for the district court to find a factual basis for the plea. *United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir.1995). There was no plain error.

## II

■ The district court erred by failing to verify that Hughes and his attorney had read and discussed the Presentence Report ("PSR"). Fed.R.Crim.P. 32(i)(1)(A). Because there was no objection below, we review Hughes' Rule 32 challenge for plain error. *United States v. Evans–Martinez*, 448 F.3d 1163, 1166 (9th Cir.2006). This error did not affect Hughes' substantial rights because no prejudice has been shown. Even if Hughes had been able to dismiss his outstanding bench warrant prior to sentencing, that warrant still would have counted in the calculation of his criminal history score because the warrant was outstanding *at the time Hughes committed the offense.* U.S.S.G. § 4A1.1(d) cmt. n. 4.

## III

■ The district court did not err in enhancing his sentence by two levels for reckless endangerment, U.S.S.G. § 3C1.2, without making an explicit factual finding that Hughes was "aware" that his conduct in driving the getaway car created a substantial risk of death or serious bodily injury to others, *see* U.S.S.G. § 2A1.4 cmt. n. 1. The district court had no obligation to make this factual finding. *United States v. Carter*, 219 F.3d 863, 866 (9th Cir.2000). Moreover, *United States v. Staten*, 466 F.3d 708 (9th Cir.2006), is inapposite because it dealt with a sentencing enhancement that explicitly required the district court to consider certain factors in making its determination.

## IV

■ The district court erred in applying the physical restraint enhancement, U.S.S.G. § 2B3.1(b)(4)(B), to the sentences of Hughes and Green. Pointing a gun at a teller and ordering her to get on the floor is not physical restraint because there must be a *"sustained focus* on the restrained person that lasts long enough for the robber to direct the victim into a room or order the victim to walk somewhere." *United States v. Parker,* 241 F.3d 1114, 1118 (9th Cir.2001). The district court did not apply the *Parker* standard to the facts of this case, which indicate that physical restraint was not used.

This plain error affected the substantial rights of the defendants. District courts have a duty to calculate the guidelines range correctly, *United States v. Mix,* 457 F.3d 906, 911 (9th Cir.2006); *United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006), and must apply the correct law of this circuit. Therefore, we vacate the sentences of both Hughes and Green and remand for re-sentencing in light of *United States v. Parker. See United States v. Crawford,* 372 F.3d 1048, 1062 (9th Cir. 2004) (en banc).[1]

**AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RE–SENTENCING.**

---

1. Because we vacate Hughes' sentence and remand to permit the district court to properly construe the Sentencing Guidelines, we do not reach the question whether Hughes' sentence was reasonable. *See Mix,* 457 F.3d at 911.