**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Omar Alejandro Urias LEON,**
**Defendant–Appellant.**

**No. 07–10366.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 8, 2008.

Keith Vercauteren, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Philip Edward Hantel, Esquire, Phoenix, AZ, for Defendant–Appellant.

Omar Alejandro Urias Leon, Phoenix, AZ, pro se.

Before: CANBY and WARDLAW, Circuit Judges, and TRAGER,* District Judge.

## MEMORANDUM **

Alejandro Urias Leon appeals his conviction by guilty plea and his sentence for possession with intent to distribute less than 5 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). Leon raises two issues. First, Leon argues that the district court improperly involved itself in plea negotiations in contravention of Fed.R.Crim.P. 11(c)(1). Second, Leon alleges that the court mistakenly believed the Sentencing Guidelines to be mandatory, rather than discretionary in nature.

■ Leon's plea agreement expressly waived his right to appeal. A waiver of the right to appeal in a negotiated plea of guilty is enforceable if knowingly and voluntarily made. *United States v. Jeronimo,* 398 F.3d 1149, 1153 (9th Cir.2005). Leon's claim that the district court improperly involved itself in plea negotiations, however, raises the question of the voluntariness and thus the enforceability of the plea agreement. *See United States v. Bruce,* 976 F.2d 552, 556 (9th Cir.1992); *United States v. Racich,* 35 F.Supp.2d 1206 (S.D.Cal.1999). We therefore entertain that claim despite Leon's waiver of his right to appeal.

The district court was originally presented with a negotiated plea agreement by the parties, but indicated that it would not accept that agreement as it was drafted. The court was then questioned by defense counsel as to whether the parties needed to draft an entirely new plea agreement, or would instead be permitted an opportunity to alter the plea agreement to meet the concerns of the court. The court then suggested one possible alteration that the parties, if they agreed to it, could try to convince the court to accept.

■ The court's rejection of the original plea agreement and its suggestion in response to the inquiry by defense counsel did not constitute "participation" in plea negotiations as prohibited by Rule 11. *See United States v. Frank,* 36 F.3d 898 (9th Cir.1994) (upholding plea agreement where district court answered, after solicitation, that it would have been inclined to sentence the defendant to life imprisonment without a plea agreement). The actions of the district court in *Frank* carried a far greater risk of coercion than those at issue here, but still did not run afoul of Rule 11. The court in this case did not express an intention to subject Leon to any particular sentence, but merely answered defense counsel's question regarding one possible subject of negotiation by the parties. The court did not enter the plea negotiations that occurred separately between the parties in the days following rejection of the

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

original plea. Those negotiations led to a second agreement that was accepted by the court. There was no violation of Rule 11.

Because the claim of improper participation fails, the second plea agreement and its express waiver of Leon's right to appeal is valid. We therefore lack jurisdiction to address Leon's second claim relating to the application of the Sentencing Guidelines.

**AFFIRMED IN PART and DISMISSED IN PART.**