**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHARLES JAMES WILLIAMS,

Defendant–Appellant.

Nos. 09-30233 & 09-30236

D.C. Nos. 2:07-cr-00426-RSM-1
& 2:07-cr-00380-RSM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted June 9, 2010
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

**No. 09-30233:**

Charles James Williams pled guilty in the United States District Court for

the Western District of Washington to one count of possession of cocaine base

with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Williams appeals, arguing that the district court, by "explicitly encouraging" him to plead guilty, violated Federal Rule of Criminal Procedure 11(c)(1), which forbids courts from participating in discussions to reach a plea agreement. *See* Fed. R. Crim. P. 11(c)(1). Because Williams did not raise this claim in the district court, we review for plain error. *See United States v. Bruce*, 976 F.2d 552, 554 (9th Cir. 1992).

Nothing the district court said to Williams during the colloquy in question constitutes plain error. *See United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that "plain" is synonymous with "clear" and "obvious"). The colloquy was extensive and dealt primarily with Williams' dissatisfaction with his counsel, asserted as trial was ready to begin. Actual plea bargaining was over; Williams had rejected a government plea offer and no further offers were pending. The district court in the colloquy reiterated Williams's previous admissions that he had made a series of bad choices. Williams stated that he was scared and added: "I don't care about time." The court replied: "If that's true, why don't you just plead straight up today? Why put yourself through this . . . ." This single response, while improvident, was not clearly or obviously a violation of Rule 11(c)(1), nor in these circumstances did it run afoul of the Rule's purposes, namely, "to keep the judge from shaping the plea bargain or persuading the defendant to accept

2

particular terms, and to preserve judicial impartiality." *United States v. Frank*, 36 F.3d 898, 902 (9th Cir. 1994); *see also id.* at 903 ("[Rule 11(c)(1)] does not establish a series of traps for imperfectly articulated oral remarks."). Here there was no bargain in issue, and the court did not offer one; it merely pointed out one option to Williams, for him to exercise or not. The court emphasized that the choice was Williams's.

Even if we were to assume, as we do not, that the court's remark violated Rule 11(c)(1), there was no effect on Williams's substantial rights as required for reversal under plain error review. Williams has not shown "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). We accordingly affirm his conviction.

**No. 09-30236:**

This appeal arises from a separate proceeding in which a jury tried and convicted Williams of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Williams argues for reversal of that conviction on the ground that the voir dire of a prospective juror conducted in his absence violated his constitutional right to be present during jury impanelment. The record indicates, however, that the district court employed a "blind strike" system of

3

challenges, during which counsel for both sides exercised a peremptory challenge to remove that prospective juror. Because the prosecutor's blind strike prevented the juror from sitting regardless of any action of Williams or his counsel, Williams cannot have been prejudiced by his absence from the juror's voir dire. Any error was harmless beyond a reasonable doubt.

**Conclusion:**

The convictions in Nos. 09-30233 and 09-30236 are both

**AFFIRMED**.

4