FILED

**NOT FOR PUBLICATION**

SEP 02 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30169 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00047-MJP-1 |
| v. | |
| HERMINIO SILVA, aka Aguilar, aka Gavilan, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Submitted August 27, 2014[**]
Seattle, Washington

Before:  NOONAN, GRABER, and CHRISTEN, Circuit Judges.

Defendant Herminio Silva pleaded guilty to one count each of conspiracy to

distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846; and

distribution of cocaine, distribution of heroin, and possession of methamphetamine

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

with intent to distribute, each in violation of § 841.  Defendant timely appeals, arguing that the district court improperly participated in plea negotiations, in violation of Federal Rule of Criminal Procedure 11(c)(1), and that, in the alternative, the district court's comments rendered his plea involuntary.  Reviewing de novo whether the district court improperly participated in plea negotiations, United States v. Bruce, 976 F.2d 552, 555 (9th Cir. 1992), and whether a guilty plea was voluntary, United States v. Forrester, 616 F.3d 929, 934 (9th Cir. 2010), we affirm.

1.  The district court did not violate Rule 11(c)(1) because it did not take part in "any discussion or communication regarding the sentence to be imposed prior to the entry of a plea."  Bruce, 976 F.2d at 556 (internal quotation marks omitted).  In response to comments from Defendant and his lawyer that Defendant wanted to accept responsibility, the district court said that "it's always [Defendant's] option to go forward and plead.  He doesn't necessarily have to have a deal."  That comment is easily distinguishable from remarks in cases in which the sentencing court violated Rule 11 by encouraging the defendant to accept a plea agreement in order to avoid the risk of a more severe sentence at trial.  See, e.g., United States v. Davila, 133 S. Ct. 2139, 2143–44 (2013); Bruce, 976 F.2d at 555.  Here, by contrast, the district court took "no part whatever" in pre-plea sentencing

2

discussions, <u>Bruce</u>, 976 F.2d at 556, and exerted no "implicit or explicit pressure to settle . . . on terms favored by the judge," <u>United States v. Frank</u>, 36 F.3d 898, 903 (9th Cir. 1994).

2. The district court's comment did not render Defendant's plea involuntary. After reviewing the record in its entirety, <u>United States v. Kaczynski</u>, 239 F.3d 1108, 1114 (9th Cir. 2001), we conclude that the plea was voluntary. Defendant stated under oath that his plea was voluntary, and we give such statements significant weight. <u>United States v. Andrade-Larrios</u>, 39 F.3d 986, 990–91 (9th Cir. 1994). Furthermore, the strength of the government's case against Defendant and his stated desire to accept responsibility—and receive whatever sentencing credit might be available—provided a rational basis for his change of plea. Such a rational basis alone may serve as evidence of a plea's voluntariness. <u>Kaczynski</u>, 239 F.3d at 1115. The district court did not suggest that it preferred that Defendant plead guilty, or that it would be unable to conduct a fair trial if Defendant chose to proceed to trial. Accordingly, Defendant's plea was voluntary because he remained able to "make a <u>free choice</u> among the acceptable alternatives available." <u>United States v. Hernandez</u>, 203 F.3d 614, 618 n.5 (9th Cir. 2000), <u>overruled on other grounds by</u> Indiana v. Edwards, 554 U.S. 164 (2008).

**AFFIRMED.**