**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Appellee,<br><br>　v.<br><br>THOMAS M. VASCONCELLOS,<br><br>　　　　　Defendant-Appellant. | No.　17-10512<br><br>D.C. No. 1:16-cr-00513-HG-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 14, 2019**
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Defendant-Appellant Thomas Vasconcellos forged and obtained

---

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

unauthorized prescriptions of oxycodone at various pharmacies.[1]  Vasconcellos appeals his conviction, following a guilty plea, for conspiracy to distribute and possess with intent to distribute oxycodone under 21 U.S.C. §§ 841 and 846.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

1.  Vasconcellos argues that his guilty plea was involuntary because it was a byproduct of judicial coercion.[2]  He asserts that the court's order remanding him into custody gave him no choice but to plead guilty.  Because Vasconcellos did not object to his entry of guilty plea, we review for plain error.  *See United States v. Carter*, 795 F.3d 947, 950 (9th Cir. 2015).

On August 25, 2017, the district court held a change of plea hearing.  In open court, the district court addressed Vasconcellos personally and engaged in the required colloquy to ascertain whether Vasconcellos understood his right to plea, his right to a jury trial, and his waiver of these rights by entering a plea of guilty.

---

[1]  The facts herein are obtained only from public documents in the record.  No sealed document is referenced herein.

[2]  The government requests that we dismiss the appeal because Vasconcellos entered into an unconditional guilty plea.  An unconditional guilty plea waives all nonjurisdictional, antecedent defects and some constitutional claims.  *Class v. United States*, 138 S. Ct. 798, 805 (2018); *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (per curiam).  Because Vasconcellos challenges "whether the underlying plea was both counseled and voluntary," *United States v. Broce*, 488 U.S. 563, 569 (1989), the appeal is not dismissed.

*See* Fed. R. Crim. P. 11(b)(1)(A)–(O). Nothing in the record suggests that the district court coerced Vasconcellos into entering a guilty plea "by mental coercion overbearing the will of the defendant." *Brady v. United States*, 397 U.S. 742, 750 (1970); *cf. United States v. Bruce*, 976 F.2d 552, 558 (9th Cir. 1992) (judge violated Rule 11 by encouraging defendants to take the plea bargain rather than go to trial), *abrogated on other grounds by United States v. Davila*, 569 U.S. 597 (2013). Vasconcellos did not show that his guilty plea was not "the product of a free and deliberate choice rather than coercion or improper inducement." *Comer v. Stewart*, 215 F.3d 910, 917 (9th Cir. 2000) (quoting *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir. 1998)).

2.      Vasconcellos also argues that the district court deprived him of a Sixth Amendment right to counsel of his choice by denying (actually or constructively) his request for retained counsel. Vasconcellos argues that he had obtained an employment contract that would have enabled him to earn money to be able to retain counsel but the court's remand order prevented him from working and thus paying for retained counsel. We reject Vasconcellos's arguments. First, Vasconcellos never actually moved to retain private counsel, and thus there was no denial by the court. Second, although the Sixth Amendment guarantees a criminal defendant the right to adequate representation, "a defendant may not insist on representation by an attorney he cannot afford[.]" *See Wheat v. United States*, 486

3

U.S. 153, 159 (1988).  Third, under the three factors of *Miller v. Blacketter*, 525 F.3d 890, 896 (9th Cir. 2008), Vasconcellos cannot show that the court's findings at the May 30, 2017 hearing were "an unreasonable exercise of its discretion to balance [defendant's] right to his chosen counsel against concerns of fairness and scheduling."  The district court did not violate Vasconcellos's Sixth Amendment right to counsel.

**AFFIRMED.**